No. 10477. SEPTEMBER 11, 1935.

*W. T. Burkhalter,* for plaintiff.    *C. L. Cowart,* for defendant.

## BURKHALTER *v.* COLLINS *et al.*

ATKINSON, Justice. 1. A firm of copartners engaged in selling fertilizers as agent of a manufacturer sold certain goods, receiving therefor the note of the purchaser, payable directly to the manufacturer. In accordance with the contract of agency, the note and similar notes from other purchasers were forwarded to the manufacturer. A certain "guaranty note" of the agent, made payable to the manufacturer, to guarantee the amount of the notes of the purchasers, was also sent to the manufacturer. The first-mentioned purchaser, failing to pay his note at maturity, executed a renewal note to the manufacturer, for which he also executed a deed containing a power of sale, conveying certain farm land as security, which was duly recorded. Subsequently, the manufacturer having brought suit on the "guaranty note," the agent paid the amount thereof and received from the manufacturer the above-mentioned renewal note and security deed, which he in turn assigned to a third person. The assignments of the notes were without recourse, and in the usual form. The assignments of the security deed purported to assign that instrument, not mentioning the property described therein. Subsequently to record of the security deed, and prior to its transfer to the agent, the maker executed a security deed conveying the same land to another creditor who held a judgment against him junior to the first security deed. The last transferee of the first security deed advertised the

land for sale under the power expressed in that deed. The grantee in the second security deed brought an equitable suit against the grantor, the manufacturer, the agent, and his assignee, praying for cancellation of the first security deed and the several transfers entered thereon, for injunction to prevent the sale, and for general relief. The alleged ground of complaint was payment of the debt by the purchaser to the manufacturer in satisfaction and extinguishment of the senior security deed; and that it was not properly assigned, in that the entry on that instrument purported to assign only the paper, and not the property therein described. The uncontradicted evidence showed that the manufacturer was paid the amount of the note secured by the first security deed by the agent in the manner and circumstances above stated, and that it had not been paid by the maker. *Held:*

1. The uncontradicted evidence showing that the agent paid the note to the manufacturer and that payment was not made by the maker, the debt of the maker was not extinguished. And the note evidencing the debt having been duly assigned and the deed securing the note having been assigned (though it did not mention the property described therein), such note and security remained in force and was not subject to cancellation in the hands of the assignee.

2. The plaintiff's motion for new trial, complaining of the direction of a verdict for the defendants, contained the general grounds and several special grounds, all of which were merely elaborative of the general grounds. The evidence demanded the verdict, and the judge did not err in overruling the motion. *Judgment affirmed. All the Justices concur.*

No. 10484.  SEPTEMBER 11, 1935.

*W. T. Burkhalter,* pro se.  *Eason & Everitt,* for defendants.